UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LIGHTHOUSE, INC,

        Plaintiff,                              Case No. 12-cv-12298

v                                             Honorable Thomas L. Ludington

LIBERTY MUTUAL INSURANCE COMPANY,

        Defendant.

_____/

**ORDER APPOINTING NEUTRAL EXPERT
AND DIRECTING SUBMISSION FROM THE PARTIES**

Plaintiff Lighthouse Neurological Rehabilitation brought suit against Defendant Liberty Mutual Insurance Agency to recover expenses incurred in the treatment of Bradley Prill, who is insured by Liberty Mutural. After his arrest in 2009 and with the encouragement of the sentencing judge, Mr. Prill entered rehab at Lighthouse, where he incurred charges of $79,387.07. Lighthouse claims that Mr. Prill's substance abuse issues "arose out of" a 1999 motor vehicle accident in which he sustained traumatic brain injury, and that Liberty Mutual is therefore required under the Michigan No-Fault Act to pay for Mr. Prill's stay at Lighthouse. Both parties retained psychological/medical experts to provide opinions on the issue of whether Mr. Prill's substance abuse "arose out of" the 1999 motor vehicle accident.

To determine whether Mr. Prill's substance abuse issues "arose out of" the 1999 motor vehicle accident, Lighthouse has suggested that the following inquiries will play a pivotal role in the case:

    1. Does a severe traumatic brain injury aggravate an individual's premorbid behavioral issues?

2. Will severe traumatic brain injury exaggerate the worst personality characteristics an individual has so that generally individuals who have prior behavioral issues or self-control issues become worse after suffering a severe traumatic brain injury?

3. Are the rates of substance abuse following brain injury higher than in the general population?

4. Are persons who have problems with substance abuse before severe brain injury more inclined to continue abusing substances and make recovery from substance abuse more difficult?

5. Does severe brain injury resulting in damage to the frontal lobes result in personality change, impulse control problems, anger management difficulties, trouble with initiation, and basic social judgment?

6. Did the severe traumatic brain injury suffered by Bradley Prill affect his executive function in the areas of personality, social judgment and impulse control?

7. Were Bradley Prill's pre-accident propensities exaggerated or aggravated by the severe traumatic brain injury suffered on 12/22/99?

Under Federal Rule of Evidence 706, "The Court may on its own motion . . . request the parties to submit nominations" for a neutral expert witness. The purpose of appointing a neutral expert witness is to promote accurate factfinding. 29 Charles Alan Wright et al., *Federal Practice and Procedure* § 6304 (3d ed. Supp. 2011)).

Given the complexity of the issues presented, the Court finds it necessary to appoint an independent expert to assist the Court. Expert witnesses appointed under Rule 706 are entitled to reasonable compensation, which "shall be paid by the parties in such proportion and at such time as the court directs, and thereafter charged in like manner as other costs." Fed. R. Evid. 706.

On January 3, 2014, this Court entered an order appointing Dr. Norman Fictenburg, Ph.D., as a neutral expert in this case. After Dr. Fictenburg declined the appointment, the Court requested that the parties submit additional nominations for the Court to consider.

The parties submitted nominations for potential expert witnesses. The Court has reviewed the background information for the proposed expert witnesses, and will appoint Charles Siegerman, Ph.D., Dr. Siegerman, a neuropsychologist, has experience working with individuals who have suffered traumatic brain injuries, as evidenced by his past role as Director of St. Joseph Mercy Hospital's Traumatic Brain Services. In addition, Dr. Siegerman has made presentations on traumatic brain injuries, as well as authoring articles on the subject. Because of Dr. Siegreman's familiarity with traumatic brain injuries, the Court will appoint him as a neutral expert witness.

At this stage, the parties should meet and confer to address compensation for the appointed expert. The parties should also confer about the questions raised by Lighthouse so that they can provide Dr. Siegerman the necessary reports, records, and other information.

Accordingly, it is **ORDERED** that the parties are **DIRECTED** to contact Dr. Charles Siegerman and determine whether he consents to act as independent expert witness in this case. The parties are directed to notify the Court of Dr. Siegerman's decision.

If Dr. Siegerman consents to act as independent expert witness, it is further **ORDERED** that the parties are **DIRECTED** to meet and confer about compensation for the appointed neutral expert, the questions presented by Lighthouse, and the information necessary for the appointed neutral expert to render his opinion.

It is further **ORDERED** that the parties must submit a joint filing proposing an enumeration of Dr. Siegerman's specific duties and manner of compensation on or before March 28, 2014.

s/Thomas L. Ludington  
THOMAS L. LUDINGTON  
United States District Judge

Dated: March 13, 2014

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 13, 2014.

s/Tracy A. Jacobs
TRACY A. JACOBS